IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| JONATHAN M. PHILLIPS,<br>TDCJ No. 1930385,<br><br>    Petitioner,<br><br>v.<br><br>BOBBY LUMPKIN, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br><br>    Respondent. | §<br>§<br>§<br>§<br>§<br>§   Civil Action No. 7:20-cv-00130-O-BP<br>§<br>§<br>§<br>§<br>§<br>§ |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Petitioner Jonathan M. Phillips's Amended Petition for Writ of Habeas Corpus filed on November 20, 2020 and Respondent Director's Response filed on June 17, 2021. ECF Nos. 7, 15. This case was referred to the undersigned automatically pursuant to Special Order 3 on October 16, 2020. ECF No. 2. After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DENY** the Petition for Writ of Habeas Corpus.

**I.     BACKGROUND**

Petitioner Jonathan Phillips ("Phillips"), an inmate in the George Beto Unit of the Texas Department of Criminal Justice ("TDCJ") in Tennessee Colony, Texas, brings this action pursuant to 28 U.S.C. § 2254. ECF No. 7. According to the Amended Petition for Writ of Habeas Corpus ("Petition"), he was convicted in May 2014 on charges of continuous sexual abuse of a child. *Id.* at 11. Following a review of the administrative record and relevant state court proceedings (ECF No. 14 at 4–8), the Court takes judicial notice that Phillips was convicted in two separate cases in

the 90th Judicial District Court of Young County, Texas for continuous sexual abuse of a child (Cause No. 10165) ("No. 10165") and aggravated sexual assault of a child (Cause No. 10166) ("No. 10166").

Phillips only seeks habeas relief from his conviction and sentence in No. 10166, admitting guilt in No. 10165. ECF No. 1 at 9–10. Phillips states two grounds for relief: (1) sufficient evidence did not support the State's case, particularly elevation of the charges to aggravated status; and (2) he is innocent of the charges, but received ineffective assistance of counsel because his attorney coerced him into entering an involuntary guilty plea. ECF No. 7 at 6. In explaining why he failed to present these grounds earlier, Phillips asserts that he was "mislead [sic] by counsel without any knowledge of [his] right to appeal." ECF No. 1 at 7.

Phillips acknowledged that he did not challenge his conviction in No. 10166 or appeal the resulting sentence. *See* ECF No. 1 at 3. Accordingly, the Court issued an Order on October 21, 2020 directing Phillips to clarify whether he intended to file the Petition with this Court rather than the Texas Court of Criminal Appeals ("TCCA") or the 90th Judicial District Court of Young County, Texas. ECF No. 4. In response, Phillips explained that he had filed for state habeas relief in June 2020, but filed a motion to dismiss in August 2020 under a belief that "the State Court and Young County would probably work together to deny me without written order." ECF No. 5. While the record contains no reference of any motion to dismiss filed in Phillips's state habeas proceeding, his application was nonetheless denied without written order on September 9, 2020. ECF No. 14-1.

Review of the record and a search in the Texas Appellate Management E-File System (TAMES) reveals that Phillips filed for a state writ of habeas corpus challenging his conviction in No. 10165, alleging ineffective assistance of counsel and insufficient evidence as grounds. *See*

TAMES Search, http://search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=cat (search Style Phillips and Trial Court County Young) (last accessed September 14, 2021); ECF Nos. 14-2; 7 at 3. However, Phillips did not directly appeal his conviction in No. 10166 or otherwise challenge it in state court. *Id.* The first action Phillips took to challenge his conviction in No. 10166 was the present Petition, initially filed on October 16, 2020 (ECF No. 1) and amended on November 20, 2020 (ECF No. 7).

## II.     LEGAL STANDARDS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations upon habeas corpus applications by persons in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). This limitation period runs from the latest of several dates, including, relevant to this case, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A). State law determines how long prisoners have to file direct appeals. *Roberts v. Cockrell*, 319 F.3d 690, 693–94 (5th Cir. 2003). In Texas, a prisoner has thirty days after their conviction date to file a timely notice of appeal. Tex. R. App. P. 26.2(a)(1). If the prisoner does not file an appeal in that time, the conviction becomes final for AEDPA purposes and the one-year limitations period begins running when that thirty-day period ends. *Roberts*, 319 F.3d at 694. A later application for state habeas relief has no effect on AEDPA's limitations period. *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999); *see also Roberts*, 319 F.3d at 694–95; *Scott v. Johnson*, 227 F.3d 260, 262–63 (5th Cir. 2000).

If proven, actual innocence allows a petitioner to overcome the AEDPA limitations bar and initiate an untimely § 2254 proceeding. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). In this context, "actual innocence" refers to factual innocence as to the crimes for which a petitioner is

incarcerated and is not satisfied merely by attacking the legal sufficiency of an indictment's evidentiary basis. *Bousely v. United States*, 523 U.S. 614, 623–24 (1998). The essential inquiry is whether, upon consideration of the new evidence, "no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 326–27 (1995); *House v. Bell*, 547 U.S. 518, 538 (2006) ("[T]he *Schlup* standard is demanding and permits review only in the 'extraordinary' case.").

While the bar is high for actual innocence showings, such analytical rigor applies to the evidence presented and not the entire Petition. While courts carefully scrutinize new evidence to see if it meets the exceptionally high bar required to prove actual innocence, they liberally construe the pleadings of *pro se* petitioners like Phillips. "'However inartfully pleaded,' *pro se* [pleadings] must be held to 'less stringent standards than formal pleadings drafted by lawyers . . . .'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, threadbare factual assertions and "conclusory allegations" are insufficient. *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983).

Fifth Circuit precedent allows for equitable tolling of the AEDPA limitations period such that otherwise time-barred petitions may be brought under certain circumstances. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). However, the limitations period may only be equitably tolled "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). "To obtain the benefit of equitable tolling, [the petitioner] must establish that (1) he pursued habeas relief with 'reasonable diligence,' and (2) some 'extraordinary circumstances' stood in his way and 'prevented' timely filing." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (quoting *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012)).

Timing issues aside, federal courts should not exercise jurisdiction over a claim if state procedures exist to resolve the issues presented. *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973). In Texas, petitioners seeking federal habeas relief must first present their claims to the TCCA in a petition for discretionary review or an application for state post-conviction relief. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986). A petitioner may be excused from the exhaustion requirement under extraordinary circumstances, but such exceptions are narrowly applied. *Fuller v. Rich*, 11 F.3d. 61, 62 (5th Cir. 1994) (per curiam).

### III. ANALYSIS

#### A. Phillips's Petition is time-barred under the AEDPA.

After pleading guilty to the charges referenced above, Phillips was convicted on May 9, 2014. ECF Nos. 1 at 2; 14-2 at 2; 15-1 at 2; 15-3 at 2. He was sentenced to thirty years in prison in No. 10165 and thirty-five years in No. 10166, both sentences to run concurrently. ECF No. 15-1. Without a state court appeal of the judgment in No. 10166, his conviction became final on June 8, 2014. *See* Tex. R. App. P. 26.2(a)(1) (setting a thirty-day post-judgment window to file appeal notices). Thus, the AEDPA's one-year limitations period began running at that time and, absent any tolling, ended in June 2015. Because no exception or tolling applies, Phillips's Petition is time-barred, as the one-year limitations period within which Phillips could challenge his sentence for No. 10166 ended more than five years ago. *See* 28 U.S.C. § 2244(d)(1)(A).

Phillips does not address this timing issue and does not provide facts or legal arguments specific to No. 10166. Rather, he asserts that "there is no solid evidence to prove the [a]ggravating circumstance of the claim." ECF No. 1 at 9. However, that argument relates to his conviction's foundational evidentiary sufficiency, which he could have challenged on direct appeal or post-conviction review in state court. While time extensions may be appropriate when new evidence is

uncovered that casts a conviction into doubt, there is no reason why an incarcerated petitioner would wait more than five years—well past the AEDPA limitations period—to challenge a conviction when he believed himself to be innocent. Thus, the Petition's assertions of evidentiary insufficiency fail to overcome 28 U.S.C. § 2244(d)(1)(A). *McQuiggin*, 569 U.S. at 384–85.

Phillips further contends that he is innocent and that he involuntarily pleaded guilty under his lawyer's coercion. ECF No. 7 at 9. This is relevant because a showing of actual innocence can extend the AEDPA statute of limitations. *McQuiggin*, 569 U.S. at 386. However, the showing required to prove actual innocence is extraordinarily exacting. To prevail, Phillips would have to establish that, in consideration of all the evidence, no reasonable juror would likely have convicted him. *Schlup*, 513 U.S. at 326–27; *House*, 547 U.S. at 538. Phillips does not meet this burden. In claiming actual innocence, the closest he gets to a factual assertion is: "Evidence was insufficient to prove state[']s claim, as written on indictment. Petitioner is guilty of the lesser offense, but challenged the [a]ggravating [c]ircumstances of the charge. No DNA evidence, just hearsay and rumors does not prove sufficiency, in Petitioner's case." ECF No. 7 at 6.

Phillips's assertion is a "conclusory allegation" insufficient to warrant habeas relief. *See Ross*, 694 F.2d at 1012. This is true even given the liberal construction of Phillips's *pro se* pleadings. *See Estelle*, 429 U.S. at 106. Even the most liberal construction of the Petition cannot make up for the fact that Phillips presents no evidence to support his claims. Courts have not hesitated to deny actual innocence claims based on substantial evidence that nevertheless did not rise to the level required to prove actual innocence. *See, e.g.*, *House*, 547 U.S. at 531–53 (scrutinizing substantial new evidence but concluding that the extraordinarily high *Schlup* standard was not met). Here, the issue is not merely that Phillips's evidentiary showing is insufficient, but

rather, that he makes no evidentiary showing of any kind. Accordingly, Phillips's actual-innocence argument fails.

Though Phillips did not address the issue, the undersigned will additionally consider whether his circumstances warrant the application of equitable tolling. Equitable tolling would be appropriate in this case only if the Petition demonstrates that its untimely filing resulted from "rare and exceptional circumstances." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). To make this showing, Phillips would not only have to prove that extraordinary circumstances existed, but that they prevented timely filing despite his exercise of "reasonable diligence" to file the Petition on time. *See Palacios*, 723 F.3d at 604. Phillips alleges no facts that suggest rare and exceptional circumstances prevented him from bringing his Petition within the AEDPA statute of limitations and, more generally, does not explain why he waited over five years to challenge a conviction for a crime he allegedly did not commit. Thus, his case does not warrant equitable tolling. Accordingly, Phillips is without argument as to why the limitations period should not apply, and the Petition is time-barred.

**B.     Phillips failed to exhaust administrative remedies prior to filing his Petition.**

Petitioners in custody pursuant to a Texas state court conviction must present their claims to the TCCA in a petition for discretionary review or an application for post-conviction relief before they can seek federal habeas relief. *Bautista*, 793 F.2d at 110.  The record indicates that Phillips sought state habeas relief concerning No. 10165. ECF No. 14-2 at 11. While the administrative record and Phillips's response to the Court's October 21, 2020 Order offer conflicting accounts of that application's denial, the record confirms that the TCCA denied his application on September 9, 2020. ECF No. 14-1. However, the Petition only challenges his conviction in No. 10166, which was not at issue in the state habeas case he filed concerning No.

10165. The record reflects that Phillips did not appeal his conviction in No. 10166, nor did he file a state habeas corpus application regarding that case. Thus, unless an exception to the exhaustion requirement applies, Phillips's Petition should be denied as unexhausted.

The exhaustion requirement may be excused when "administrative remedies either are unavailable or wholly inappropriate to the relief sought," or if an attempt to exhaust those remedies would be a "patently futile course of action." *Fuller*, 11 F.3d. at 62. Those exceptions apply "only in extraordinary circumstances" and the petitioner "bears [the] burden of showing futility of administrative review." *Id.* Phillips's state habeas challenge to No. 10165 evidences the existence of administrative remedies that are available and appropriate for the relief he seeks. He does not argue that exhaustion of the same administrative remedies as to No. 10166 would have been futile. His Petition thus fails to trigger any of the exhaustion requirement's narrow exceptions. Accordingly, because Phillips had adequate and effective state procedures for obtaining the relief he seeks but failed to exhaust them prior to this filing, and further because no exception to the exhaustion requirement exists in this case, his § 2254 action should be denied.

## IV.   CONCLUSION

Because Phillips's Petition is time-barred and unexhausted, and because he has failed to make an adequate showing of actual innocence to avoid the one-year filing requirement, the undersigned **RECOMMENDS** that Judge O'Connor **DENY** the Petition for Writ of Habeas Corpus. ECF No. 7.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). In order to be specific, an

objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

      Signed September 14, 2021.

*[signature: Hal R. Ray, Jr.]*
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE